UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

VIJAY ANAND KHEMRAJ, ROBERT
RODRIGUEZ, DAVID BURKS, ERIC
WHITESIDE, SIMON CLARK, HARLEM
GUZMAN, VENECIA DESILVA, DAVID CHO,
MARK MATTHEWS, FRANTZ METELLUS,
ROBERT B. DAVIS,

                **Defendants.**
-----------------------------------------------------------x

                                        **MEMORANDUM ON**
                                        **POSSIBLE CIVIL SUIT**

                                        **08-CR-332**

JACK B. WEINSTEIN, Senior United States District Judge:

I.    **Criminal Charges**

    Eleven defendants have been indicted for conspiracy to commit wire fraud and conspiracy to commit bank fraud. *See* 18 U.S.C. § 1349. Five of these defendants have also been indicted for wire fraud and bank fraud. *See* 18 U.S.C. § 1343; 18 U.S.C. § 1344.

    The indictment alleges that the defendants utilized a fraudulent scheme to purchase some thirty dwellings in New York City, to wit:

    They used personal and financial information of individuals with good credit scores ("straw buyers") to apply for mortgages. This information was obtained from the straw buyers in exchange for a fee. Some straw buyers did not receive a fee; they were told by the defendants that they would not be required to make mortgage payments, that their names would be removed from the property title after a short time, and that their credit scores would improve as a result. The defendants entered into contracts with sellers of properties utilizing the straw buyers' credit information, submitting loan applications to various financial institutions. Misrepresentations of the straw buyers' credit information were made by defendants in order to enhance the likelihood

1

of mortgage approval. Sales prices of properties were exaggerated by several hundred thousand dollars in order to obtain a mortgage for a higher amount.

Defendants arranged for closings once the mortgages were approved. Amounts received from financial institutions were wired into defendant-attorneys' trust account.

At closing, defendants gave the banks and mortgage companies a set of documents that stated a sales price equal to the exaggerated amount on the fraudulent applications. Sellers were given a set that stated the actual sales price. Defendants then paid the sellers the actual sales price.

Defendants took the remaining proceeds from the mortgages and divided it amongst themselves. The straw buyers were left with the responsibility of repaying the inflated mortgages.

## II.    Civil Suit

Section 1345 of Title 18 (which authorizes the government to commence a civil cause of action to seize a defendant's assets pre-conviction) and Rule 64 of the Federal Rules of Civil Procedure (which governs provisional remedies in civil cases) provide for pre-conviction asset seizure.

The following questions are posed: (1) how much money have defendants obtained by fraud; (2) where are the proceeds of the fraud and can they be traced; (3) will individuals be entitled to restitution post-conviction; (4) does the government believe that there is a substantial probability that defendants will hide their assets to evade restitution and fines that might be imposed at sentencing ; and (5) is the government planning on initiating a civil action pursuant to section 1345 of Title 18 to ensure that defendants do not hide their assets.

## III.    Discussion

2

A.  <u>Standard</u>

Section 1345 of Title 18 provides the government with authority to commence a civil action during a pending criminal case:

(a)(1) If a person is—

. . . .

> (B) committing or about to commit a banking law violation (as defined in section 3322(d) of this title); or

. . . .

the Attorney General may commence a civil action in any Federal court to enjoin such violation.

(2) *If a person is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a banking law violation* (as defined in section 3322(d) of this title) . . . or property which is traceable to such violation, the Attorney General may commence a civil action in any Federal court--

> (A) to enjoin such alienation or disposition of property; or
>
> (B) for a restraining order to--
>
>> (i) prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property or property of equivalent value; and
>>
>> (ii) appoint a temporary receiver to administer such restraining order.

18 U.S.C. § 1345 (emphasis added).

There is a split of authority on who bears the burden of proof in an action brought by the government for a preliminary injunction pursuant to 18 U.S.C. § 1345. In *United States v. William Savran & Assocs., Inc.*, the United States District Court for the Eastern District Court of New York held that: (1) the government must show by probable cause that a defendant is engaged in or about to engage in a fraudulent scheme; and (2) the defendant then bears the

3

burden of proof by a preponderance of evidence to show which funds were not the proceeds of fraud. *United States v. William Savran & Associates, Inc.*, 755 F. Supp. 1165, 1183-84 (E.D.N.Y. 1991) (emphasis added). The court explained its reason for requiring the defendant to bear a burden:

> The information with regard to the defendants' deposits, withdrawals and contents of their bank account is peculiarly within the knowledge and control of the defendants. This information is necessary to determine the amount of the fruits of the illegal activity deposited in the account. The burden, therefore, should be properly borne by the party having the required knowledge and seeking an exemption from forfeiture, once probable cause is demonstrated.

*Id.*

The Court of Appeals for the Sixth Circuit disagreed with this view. *See United States v. Brown*, 988 F.2d 658 (6th Cir. 1993). It placed the burden of proof on the *government* for both *showing probable cause* that a defendant is engaging in or about to engage in fraud, and to *show by preponderance of evidence* that the assets which they seek to enjoin are the product or "fruits" of the fraud, noting:

> Although the *Savran* court placed the burden of proof on the defendant, the burden in civil actions has traditionally been placed on the plaintiff by a preponderance of the evidence. We adopt the traditional standard of proof for section 1345. To hold otherwise would provide the United States a substantial procedural advantage over traditional civil plaintiffs, which is not mandated by the language of section 1345.

*Brown*, 988 F.2d at 664-65 (citation omitted). At this stage no decision needs to be reached on whether the *Brown* decision should be followed.

B.  Procedure

Section 1345(b) of Title 18 sets out the procedure to be followed in a civil action commenced by the government to seize assets:

> *The court shall proceed as soon as practicable* to the hearing and determination of such an action, and may, at any time before final determination, enter such a

4

> restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought. A proceeding under this section is governed by the Federal Rules of Civil Procedure, except that, if an indictment has been returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure.

18 U.S.C. § 1345(b) (emphasis added). As opposed to a generic civil action (e.g., civil rights cases), an injunction in a civil cause of action brought by the government pursuant to § 1345 does not required the government to provide a bond. 18 U.S.C. § 1345(a)(3).

Rule 64 of the Federal Rules of Civil Procedure, which governs the use of provisional remedies, states:

> (a) Remedies Under State Law – In General.
>
> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. *But a federal statute governs to the extent it applies.*
>
> (b) Specific Kinds of Remedies.
>
> The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:
> - arrest;
> - *attachment*;
> - garnishment;
> - replevin;
> - sequestration; and
> - other corresponding or equivalent remedies.

Fed. R. Civ. P. 64 (emphasis added).

## IV. Conclusion

Should the government decide to proceed civilly, it should do so promptly, using appropriate procedures to protect assets in defendants' hands that may be needed for the property owners, the banks and government.

5

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: June 10, 2008
      Brooklyn, New York