UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES OF AMERICA,

        -against-                  **MEMORANDUM AND ORDER**
                                            08-CR-0332 (EK)

FRANTZ METELLUS,

               Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

Defendant asks the Court to modify a criminal restitution order against him and to lift the government's lien on one of his properties. For the reasons set forth below, Defendant's motion is denied.

## **Background**

Defendant pleaded guilty in 2009 to conspiracy to commit wire and bank fraud in a mortgage scheme that caused millions of dollars in losses to twelve mortgage companies. Dkt. No. 349, Judgment. As part of the sentence, Judge Weinstein imposed a restitution judgment of approximately $5.1 million, jointly and severally with all co-defendants. *Id.* Due to the Defendant's financial circumstances, Judge Weinstein ordered a payment schedule of $100 per month beginning one year after the Defendant's release from a six-month term of incarceration. *Id*. Defendant made monthly restitution payments totaling $2,500

between March 2012 and April 2014; since then, however, Defendant has made only a single $100 payment in June 2019. Dkt. No. 422, Gov't Feb. 13, 2020 Letter.

A lien attached to certain property owned by the Defendant under 18 U.S.C. § 3613(c), including a property at 469 DeKalb Avenue ("469 DeKalb") in Brooklyn, New York. *Id.* In May 2019, Defendant entered into a contract for the sale of 469 DeKalb, which is in foreclosure, for $1.15 million, and Defendant then contacted the government to request the release of the lien. Gov't Feb 13, 2020 Letter; 429-1, 469 DeKalb Contract. The government declined to lift the lien and instead proposed a settlement in which the Defendant would receive $25,000 from the sale of the property and the remainder of the profit, approximately $180,000, would be applied to the restitution judgment. Gov't Feb. 13, 2020 Letter. Defendant declined this offer. *Id.*

Defendant states his diminishing financial circumstances require that he use one-half of the profit from the property's sale to pay down a personal loan. Dkt. No. 419, Def. Jan. 24, 2020 Letter. To this end, Defendant asks the Court (1) to amend the restitution order to an amount commensurate with Defendant's level of culpability or to an amount Defendant can pay off with the sale of 469 DeKalb; and (2) to lift the government's lien on 469 DeKalb. *Id.*; Dkt. No. 428, Def. Mar. 9, 2020 Letter.

**Discussion**

I. **The Restitution Order**

The Defendant argues that the Court has discretion to amend the restitution order pursuant to 18 U.S.C. § 3664(f) and (h). Def. Mar. 9, 2020 Letter. Section 3664(f) gives the court the ability to set a payment schedule "in the restitution order" based on the financial resources of the defendant. Section 3664(h) states, "[i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."[1]

Those sections are applied at sentencing to set the amount and payment of restitution in the restitution order. Once the sentence is imposed, however, 18 U.S.C. § 3664(o) states that a restitution order is a "final judgment" and may only be "modified" on appeal of the sentence, which Defendant did not pursue. *See United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). "Restitution is part of a criminal sentence, and so the district court's jurisdiction to vacate or modify a restitution order once issued is quite limited." *United States v. Baudanza*,

---

[1] Additionally, the Defendant does not ask the Court to modify the monthly payment schedule under 18 U.S.C. § 3664(k), nor does the court choose to do so.

No. 06-CR-0181 (RJD), 2014 WL 795639, at *4 (E.D.N.Y. Feb. 27, 2014) (citing *Kyles*, 601 F.3d at 83).

The Court therefore cannot modify the total restitution amount nor the method of liability in the restitution judgment.

I.  **The Lien on 469 DeKalb.**

The Defendant cites no law that gives the Court the authority to lift a lien attached to a restitution order pursuant to 18 U.S.C. § 3613(c). Neither does the Defendant's monthly payment schedule offer a reprieve from the execution of the lien. As the Defendant recognizes, the restitution judgment is governed by the Mandatory Victim's Restitution Act ("MVRA"). The MVRA "eliminates most of the [court's] discretion," which is "now restricted to crafting the schedule of payments during the time the defendant is under sentence." *United States v. Walker*, 353 F.3d 130, 133 (2d Cir. 2003). However, "the significance of that schedule is diminished by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order, which shall be a lien on the property of the defendant." *Id.* (quotations omitted).

The government may execute the lien because Defendant is in default on the restitution payments, which are significantly more than ninety days past due. *See* 18 U.S.C. § 3572(i). "Notwithstanding any installment schedule, when a fine or payment of restitution is in default, the entire amount of the

4

fine or restitution is due within 30 days after notification of the default."  18 U.S.C. § 3572(i); *cf. United States v. Hughes*, 914 F.3d 947, 949 (5th Cir. 2019) (finding that, where the restitution order specified a payment schedule, the government could not enforce the order beyond its plain terms absent a default on the payment plan); *United States v. Villongco*, No. CR 07-9, 2017 WL 2560905, at *5 (D.D.C. June 13, 2017) ("[S]ince the defendant has complied thus far with his obligation under the installment payment order, no amount is past due such that the government could collect on its lien.").

Therefore, the Court denies Defendant's request to lift the government's lien on 469 DeKalb.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   Brooklyn, New York
         April 14, 2020